IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | * |
| | * |
| Plaintiff, | |
| | * |
| v. | Civil Action No.: RDB-09-1534 |
| | * |
| HELGA VAN DOLSEN, MARY KATHLEEN VAN DOLSEN | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Currently pending before this Court is Defendant Mary Kathleen Van Dolsen's Motion for Judgment on the Pleadings (Paper No. 6). This case involves a dispute over Dal C. Van Dolsen's life insurance benefits under the Federal Employees' Group Life Insurance Act, 5 U.S.C. §§ 8701, *et seq.*, between Mary Kathleen Van Dolsen, his first wife, and Helga Van Dolsen, his second wife. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2008). For the reasons stated below, Defendant Mary Kathleen Van Dolsen's Motion for Judgment on the Pleadings is DENIED.

## BACKGROUND

Dal C. Van Dolsen ("Mr. Van Dolsen") was a retiree of the District of Columbia Environmental Services Water and Sewer Administration which provided life insurance benefits under the Federal Employees' Group Life Insurance Policy ("FEGLI Policy"). Compl. ¶ 6. This policy is issued by Met Life to the Office of Personnel Management ("OPM") pursuant to the Federal Employees' Group Life Insurance Act ("FEGLIA"). *Id*. Mr. Van Dolsen divorced his first wife, Mary Kathleen Van Dolsen ("Mary Kathleen"), in July 1998. Compl. Ex. C. On

October 22, 1998, he subsequently married Defendant Helga Van Dolsen ("Helga"), to whom he was still married when he died on March 27, 2008. Compl. ¶ 12. Mary Kathleen and Helga dispute whether or not Mary Kathleen may claim a portion of Mr. Van Dolsen's life insurance benefits, which amount to $118,000. *Id*. ¶ 17, 18. On or about June 11, 2009, Plaintiff Metropolitan Life Insurance Company ("Met Life") filed a Complaint in Interpleader against both Mary Kathleen and Helga requesting that this Court settle their claims and determine to whom Mr. Van Dolsen's benefits should be paid.

Pursuant to Mr. Van Dolsen's Judgment of Absolute Divorce with Mary Kathleen dated July 7, 1998, Mr. Van Dolsen was required to "keep and maintain his $60,000.00 FEGLI life insurance policy naming [Mary Kathleen] as beneficiary thereon until such time as he retires from the Federal Government . . ."[1] *Id*. ¶ 15. On April 26, 2004, Mr. Van Dolsen signed a Beneficiary Designation form, which OPM ultimately received on July 29, 2004, designating his ex-wife, Mary Kathleen, to receive 32.6 percent of the policy with the balance of 67.4 percent given to his current wife, Helga. *Id*. ¶ 13. Mr. Van Dolsen retired on June 1, 2004. *Id*. ¶ 16.

On September 1, 2004, Mr. Van Dolsen sent a letter to the Office of Personnel Management about corrections to his life insurance plan. In this letter, Mr. Van Dolsen expresses his concern that his "retirement office improperly submitted [his] option B insurance coverage to be reduced 2% per month for 50 months" and requested that this coverage not be reduced.[2] Def. Helga. Opp. Ex. 1-E. The letter concludes:

> I am requesting that you send me written confirmation that this change has been made. My beneficiary for all my life insurance should be my wife, Helga Ursula Van Dolsen at the same address listed above.

---

[1] Presumably, Mr. Van Dolsen's life insurance policy was worth $60,000 at the time the divorce decree was finalized, since the decree does not take into consideration its increase in value over time.

[2] Mr. Van Dolsen refers to this letter as his second request to change his insurance coverage.

*Id*. Ex. 1-E.  On September 29, 2004, Mr. Van Dolsen received a letter from OPM stating: "This is in response to your request to change your Federal Employees' Group Life Insurance coverage. We have changed your life insurance effective on your commencing date 06/02/04…." *Id*. Ex. 1-F.  Notably, OPM attached an "explanation of changes" which referenced the 2% adjustment to Mr. Van Dolsen's option B coverage, but made no reference to removing his first wife, Mary Kathleen, as a beneficiary.

Mary Kathleen has filed a Motion for Judgment on Pleadings pursuant to Rule 12(c), claiming that this letter was ineffective and asserting her entitlement to 32.6% of Mr. Van Dolsen's insurance benefits.  Plaintiff Met Life has therefore interpleaded approximately $60,000.00 to the Clerk of the Court.

## STANDARD OF REVIEW

With respect to certain claims, Defendant moves for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 12(c) ("After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."); *see also* 5A C. Wright & A. Miller, Federal Practice & Procedure § 1367 (West 1990) (pleadings are considered closed "upon the filing of a complaint and answer.") (citing Fed. R. Civ. P. 7(a); footnotes omitted).

The standard of review for a Rule 12(c) motion and a Rule 12(b)(6) motion is identical. *Burbach Broad. Co. v. Elkins Radio Corp*., 278 F.3d 401, 405-06 (4th Cir. 2002); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). "'[T]he purpose of Rule 12(b)(6) is to test the legal sufficiency of a complaint' and not to 'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999)).

As the legal sufficiency of the complaint is challenged under a Rule 12(b)(6) motion, the court assumes "the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *Eastern Shore Mkts. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). A Rule 12(b)(6) motion to dismiss "should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325 (4th Cir. 2001); *see also Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005). Furthermore, the "Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Rather, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal,* 248 F.3d at 325-26; *see also Swierkiewicz v. Sorema N.A.* 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)). However, while "notice pleading requires generosity in interpreting a plaintiff's complaint . . . generosity is not fantasy." *Bender v. Suburban Hosp., Inc.*, 159 F.3d 186, 191 (4th Cir. 1998).

## **ANALYSIS**

Many factual issues remain to be resolved in this case. As an initial matter, Mary Kathleen does not challenge the validity of the Beneficiary Designation form, and in fact bases her claim upon it. Yet, it is unclear whether the Beneficiary Designation should have resulted in changing Mr. Van Dolsen's policy. The divorce decree states that Mr. Van Dolsen had to "keep and maintain his $60,000.00 FEGLI life insurance policy naming [Mary Kathleen] as beneficiary thereon until such time as he retires from the Federal Government . . ." Compl. ¶ 15. Thus, it is

possible that Mr. Van Dolsen could only change his policy after his retirement on June 1, 2004. Yet, Mr. Van Dolsen *signed* the Beneficiary Designation form on April 26, 2004, which was two months before the date of his retirement. However, it is also uncertain whether Mr. Van Dolsen actually *filed* this form before he retired. The Beneficiary Designation is oddly marked as "received" by his employer on January 22, 2003, which would be approximately three months before Mr. Van Dolsen signed the form and clearly before he retired. Furthermore, the Beneficiary Designation was not marked as "received" by OPM until July 29, 2004, which is approximately two months after Mr. Van Dolsen retired.

Even if the Beneficiary Designation is found to be valid, an issue also remains as to whether the Beneficiary Designation controls such that Mary Kathleen receives 32.6% of the FEGLI policy benefits, or whether Mr. Van Dolsen's September 1, 2004 letter to OPM gives Helga the right to the entire $118,000 proceeds. Federal law governs the payment of life insurance benefits due under Mr. Van Dolsen's FEGLI Policy:

> **(a) Except as provided in subsection (e),** the amount of group life insurance and group accidental death insurance in force on an employee at the date of his death shall be paid, on the establishment of a valid claim, to the person or persons surviving at the date of his death, in the following order of precedence:
>
> First, to the beneficiary or beneficiaries designated by the employee **in a signed and witnessed writing received before death in the employing office or . . . in the Office of Personnel Management.** For this purpose, a designation, change, or cancellation of beneficiary in a will or other document not so executed and filed has no force or effect.

5 U.S.C. § 8705(a) (emphasis added). Accordingly, there is a factual issue as to whether Mr. Van Dolsen's September 1, 2004 letter qualifies as a "signed and witnessed" writing under 5 U.S.C. § 8705(a), and therefore whether the Beneficiary Designation is still in effect. These material factual disputes cannot be resolved on the pleadings, therefore Mary Kathleen's Motion for Judgment on the Pleadings must be denied.

## **CONCLUSION**

For the reasons stated above, Defendant Mary Kathleen Van Dolsen's Motion for Judgment on the Pleadings (Paper No. 6) is DENIED. A separate Order follows.


Dated: January 8, 2010                                /s/_____
                                                                        Richard D. Bennett
                                                                        United States District Judge